IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                         **Case No. 04-40093-01-RDR**

DETRECK WARDELL GOLES,

        Defendant.

## MEMORANDUM AND ORDER

On May 6, 2005 the court sentenced the defendant. The purpose of this memorandum and order is to memorialize the rulings made by the court during the sentencing hearing.

The defendant entered a plea of guilty to distribution of 5.88 grams of crack cocaine in violation of 21 U.S.C. § 841(a) on January 31, 2005. Following the preparation of the presentence report, the defendant filed two objections to it.

ROLE IN THE OFFENSE

The defendant contends that he is entitled to a reduction of his offense level based upon his role in the offense. He asserts that he was less culpable than his co-defendant and that he is entitled to a two-level reduction under U.S.S.G. § 3B1.2 as a minor participant. The government has not responded to the defendant's objection. The probation office believes the facts show that a role adjustment is not warranted.

Pursuant to U.S.S.G. § 3B1.2, a court can reduce a

defendant's offense level for being a minor or minimal participant in a criminal scheme. According to the Commentary, "this guideline is not applicable unless more than one participant was involved in the offense," U.S.S.G. § 3B1.2, comment. (n. 2), and it provides a reduction only for "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n. 3(A)). Accordingly, the inquiry must "focus upon the defendant's knowledge or lack thereof concerning the scope and structure of the enterprise and of the activities of others involved in the offense." United States v. Calderon-Porras, 911 F.2d 421, 423-24 (10th Cir. 1990). The defendant has the burden of proving his minor or minimal participation. United States v. Harfst, 168 F.3d 398, 401-02 (10th Cir. 1999). A defendant's own testimony that others were more heavily involved in a criminal scheme may not suffice to prove his minor or minimal participation, even if uncontradicted by other evidence. See, e.g., United States v. Onheiber, 173 F.3d 1254, 1258 (10th Cir. 1999) (holding defendant's own testimony that he was "merely a middleman in the transaction, hired to bring the drugs to another contact, and that he had limited knowledge of and control over the transaction" insufficient to prove that he was a minor or minimal

participant).

The court is not persuaded that defendant is entitled to a reduction for his role in the offense. The defendant was actively involved in the various sales of cocaine and cocaine base to the confidential informant. He made the first sale to the confidential informant directly. He coordinated the other sales between his nephew, co-defendant Lawrence Cordell Washington, and the confidential informant. Accordingly, the court shall not reduce the defendant's offense level for role in the offense.

DOWNWARD DEPARTURE

The defendant suggests that the court should consider a departure from the guideline sentence because six of his seven criminal history points stem from convictions that occurred 13 years before the prior offense. The defendant notes that if he did not receive these points, his criminal history category would be I and his sentence would be substantially reduced. The government has not responded to this request. The probation office does not believe a departure is warranted based upon this argument.

The court agrees with the probation office that a departure is not justified on this basis. The defendant's criminal history has been properly calculated. The defendant is correct

that most of his prior offenses are older, but they are within the time period established by the Sentencing Commission for the determination of criminal history points.  Moreover, while the defendant is correct that these prior convictions are not drug-related, some of them are crimes of violence.  Under these circumstances, the court does not believe that a departure is appropriate.

CONCLUSION

In determining the sentence imposed, the court carefully consulted the application of the guidelines and has taken them into account.  The court has decided that the appropriate sentence for this case is 60 months.  The court believes that this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation, and protection of the public. Further, the court believes that this is a fair and reasonable sentence, and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all of the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.

**IT IS SO ORDERED.**

Dated this 11th day of May, 2005 at Topeka, Kansas.

                                              s/Richard D. Rogers
                                              United States District Judge